MICHAEL JASON LEE (Bar No. 206110)
michael@mjllaw.com
**LAW OFFICES OF MICHAEL JASON LEE, APLC**
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
Telephone: (858) 550-9984

DAVID D. MESA (Bar No. 257488)
david.mesa@pierferd.com
**PIERSON FERDINAND LLP**
2100 Geng Road, Suite 210
Palo Alto, CA 94303
Telephone: (415) 915-4415
Facsimile: (415) 890-4845

Attorneys for Applicant
DELORAZE LIMITED

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| *In re* Application of: | ) Case No. |
| | ) |
| DELORAZE LIMITED | ) |
| | ) **DECLARATION OF MICHAEL** |
| Applicant | ) **JASON LEE IN SUPPORT OF** |
| | ) **DELORAZE LIMITED'S** |
| For the Issuance of a Subpoena for the | ) **APPLICATION TO CONDUCT** |
| Taking of a Deposition and the Production | ) **DISCOVERY PURSUANT TO 28** |
| of Documents Under 28 U.S.C. § 1782 to | ) **U.S.C. § 1782** |
| Kotaro Shimogori for Use in Foreign | ) |
| Proceedings | ) |
| | ) |
| | ) |
| | ) |
| | ) |

I, Michael Jason Lee, declare:

1.      I am an attorney duly licensed to practice law before all State and Federal courts in the State of California. I am counsel for Applicant Deloraze Limited ("Applicant" or "Deloraze") with respect to its Application to Conduct Discovery Pursuant to 28 U.S.C. § 1782 ("Application").

2.      I have personal knowledge of all facts alleged herein, except as to matters stated on information and belief, and as to those matters, I believe them to be true. If called to testify with regard to the facts alleged herein, I could do so competently.

3.      Deloraze seeks the assistance of the Court to obtain documents and testimony from Respondent Kotaro Shimogori ("Respondent").   As more fully explained in the Application, Memorandum of Points and Authorities, and Declaration of Savvas Kousoulos filed contemporaneously herewith, Deloraze believes Respondent has documents related to deposits of approximately $290,000 that was fraudulently stolen and is presently owed to Deloraze/Deloraze's merchant client ("D-Client") by payment processor, Pan Digital Network Limited ("PDN").

4.      Once Applicant has the responsive documents and testimony sought vis-a-vis the proposed subpoenas in-hand, it intends to initiate legal proceedings against PDN before the High Court of Justice in London (the jurisdiction where PDN is registered).  Deloraze has retained litigation counsel in the United Kingdom for the purpose of filing a claim against PDN with the High Court of Justice in London.

5.      Respondent Shimogori is a Director of PDN, a UK limited liability company.[1]  PDN's other Director of record is Michael Paul Norton of England, who was appointed as Director on April 1, 2021.[2]

---

[1] Attached as **Exhibits 4** and **5**, respectively, are true and correct copies of PDN's Registered Balance Sheet filed with Companies House on September 29, 2023 and PDN's Appointment of Director filed with Companies House on April 1, 2021, reflecting the information referred to in this Paragraph.

DECLARATION OF MICHAEL JASON LEE IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 FOR DISCOVERY FOR USE IN FOREIGN PROCEEDING

6.      Applicant seeks the assistance of this Court in obtaining documents critical to its efforts to recover the funds it is owed. The contemplated discovery is narrowly tailored to the facts and circumstances surrounding Respondent Shimogori's involvement in the events described herein.

7.      Applicant seeks the production of documents concerning (1) D-Client's transactions and/or the payments owed to Applicant, including but not limited to an itemized reconciliation of all processing inclusive of any debits (discount rates, chargebacks, chargebacks fees) from first day of processing through last (Document Request Nos. 1-18); (2) communications with and documents relating to PDN's business bank account and merchant account with Equity Bank Limited, including but not limited to PDN's merchant agreement, documents relating to PDN's direct processing relationship with Equity Bank Limited, and any agreements that reflect that fees and/or fines would be passed to PDN's clients, as the merchant of record (Document Request Nos. 19-25); (3) communications with and documents relating to $25,000 of purported Visa-related charges and/or fines relating to Applicant, including, but not limited to the 5 identified transactions PDN claims form the basis for the imposition of said Visa-related charges and/or fines (Document Request No. 26); (4) communications with and documents relating to any other fines or fees assessed relating to Applicant's transactions, including, but not limited to a purported $25,000 "Bank Fine" and $15,000 "Fee to the bank representative" claimed by PDN to have been assessed as a result of said 5 identified transactions (Document Request No. 27).   The discovery sought is relevant to determine: (1) the whereabouts of the misappropriated funds owed to Deloraze by PDN; (2) the details behind PDN's business and merchant account through which more than $290,000 of D-Client's transactions were processed; and (3) the details behind PDN's fraudulent payment processing scheme used to misappropriate funds owed to Deloraze and D-Client.

---

[2] *Id.*

DECLARATION OF MICHAEL JASON LEE IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 FOR DISCOVERY FOR USE IN FOREIGN PROCEEDING

8.      On information and belief, the requested documents should not yield a significant volume of documents, and the document requests are narrowly tailored to the allegations underlying the dispute.

9.      Attached hereto as **Exhibit 1** is a copy of Deloraze's proposed document requests that it intends to seek from Respondent Shimogori.

10.     Attached hereto as **Exhibit 2** is a true and correct copy of a subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action directed to Respondent Shimogori.

11.     Attached hereto as **Exhibit 3** is a true and correct copy of a subpoena to testify at a deposition in a civil action directed to Respondent Shimogori.

12.     On information and belief, Respondent Shimogori lives, resides and operates PDN out of his residence at 1506 Gorman Drive, Carmichael, California, which is in Sacramento County located in the Eastern District of California, Sacramento Division.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11TH day of April 2024, in San Diego, California.


By:   /s/ Michael Jason Lee
      Michael Jason Lee

DECLARATION OF MICHAEL JASON LEE IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 FOR DISCOVERY FOR USE IN FOREIGN PROCEEDING

# EXHIBIT "1"

**EXHIBIT "A"**

---

**DEFINITIONS**

---

The following definitions are to be used with respect to these documents:

A.      "ALL" shall mean each, any and all.

B.      "AUTHPAY" shall mean and refer to AuthPay Ltd, and anyone else acting on its behalf, which shall include but not be limited to AuthPay Ltd Director, Michael Paul Woolgar-Norton, a British citizen born in 1971.

C.      "AUTHPAY BUSINESS BANK ACCOUNTS" shall mean and refer to All business bank accounts held by AUTHPAY.

D.      "AUTHPAY MERCHANT ACCOUNTS" shall mean and refer to any and all business bank accounts that AUTHPAY opened to accept and process electronic payment card transactions such as debit and credit cards including but not limited to merchant accounts opened with Equity Bank Limited.

E.      "BANK RECORDS" shall mean and refer to account statements, signature cards, account applications, wire transfers (in and out) and any other DOCUMENT evidencing deposits, withdrawals, balances and/or other account activity.

F.      "COMMUNICATION(S)" shall mean any dissemination of information by transmission or a statement from one person to another or in the presence of another, whether by writing, orally or by action or conduct, including but not limited to, written notes, electronic communications with attachments, verbal conversations and visual notations.

G.      "DELORAZE" shall mean and refer to Deloraze Limited, Deloraze Limited's clients and customers, and anyone else acting on their behalf.

H.      "DESCRIPTOR" shall mean and refer to the following merchant descriptor or billing descriptor appearing on a cardholder's credit and/or debit card statement: (1) PocketGym; (2) DataWhizz; (3) Whizz.  (The actual descriptor used may sometimes vary slightly but are substantively the same.  For example, "PocketGym" may also appear as "Pocket Gym" and "DataWhizz" may also appear as "Data Whizz."  A  substantively identical descriptor with a slight variation(s) from that listed here shall be deemed to be one of the same.)

I.      "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a) and shall mean any and all information in tangible or other form, whether printed, typed, recorded, computerized, filmed, reproduced by any process or written or produced by hand and whether an original, draft, master, duplicate or copy or notated version thereof, that is in your possession, custody or control. A draft or non- identical copy

is a separate document within the meaning of this term.

J.      "DOCUMENT" as used in this Subpoena shall also include, but not be limited to, electronic files, other data generated by and/or stored on or through any of your computer systems and storage media (e.g., internal or external hard drives, CD-ROM's, floppy disks, backup tapes, thumb drives, internet-based posting boards or any other data storage media or mechanisms) or any other electronic data. This includes, but is not limited to: email and other electronic communications (e.g., postings to internet forums, ICQ or any other instant messenger messages and/or text messages); voicemails; word processing documents; spreadsheets; databases; calendars; telephone logs; contact manager information; Internet usage files; offline storage or information stored on removable media; information contained on laptops or other portable devices; and network access information. Further, this includes data in any format for storing electronic data.

K.      "IDENTIFY," with respect to banking account information, means to provide (a) the vesting/full name on the account, (b) account number, (c) names of authorized signers on the account, (d) address of bank branch where each account was opened and (e) date each account was opened.

L.      "MID" shall mean and refer to Merchant Identification Number.

M.      "PDN" shall mean and refer to Pan Digital Network Limited, and anyone else acting on its behalf, which shall include but not be limited to SHIMOGORI, PDN Director Michael Paul Norton (a British citizen born in 1971), and former PDN Director Shah Imraul Kaeesh.

N.      "PDN BUSINESS BANK ACCOUNTS" shall mean and refer to All business bank accounts held by PDN.

O.      "PDN REPRESENTATIVE" shall mean and refer to any individuals or entities acting on PDN's behalf, which shall include, but not be limited to the following PDN's employees, agents, representatives, and/or contractors, including any individuals who use the following Skype member accounts:

1.      Matthew - xiryll29;
2.      Leon - live:.cid.46de62b1577fc5d2;
3.      Hipolito - live:.cid.4898d7694114cd07;
4.      Ferdinand - live:.cid.c084b2c404175c9f;
5.      Ers – live:.cid.bba2d7abe59ea9e7;
6.      Ericka - live:.cid.1605f4e408f12644;
7.      Chloe – live:.cid.f44f1070a40f886b;
8.      Cha – live:.cid.39a97244b7dc033f; and
9.      Carl - live:.cid.783b77ae4d2c5ad5.

P.      "PDN MERCHANT ACCOUNTS" shall mean and refer to any and all business bank accounts that PDN opened itself or outsourced to others such as AUTHPAY LTD to open to accept and process electronic payment card transactions such as debit and credit cards including but not limited to merchant accounts opened with Equity Bank Limited.

Q.      "SHIMOGORI" shall mean and refer to Kotari Shimogori, Director of PDN.

R.      "RELEVANT TIME PERIOD" shall mean and refer to PDN's first day of processing DELORAZE payments through PDN's last day of processing DELORAZE payments.

S.      "5 IDENTIFIED TRANSACTIONS" shall mean and refer to the purported Visa "Global Brand Protection Program" letters provided by PDN to DELORAZE reflecting the following:

1.  Case ID 26221 regarding merchant name "PocketGym";

2.  Case ID 26222 regarding merchant name "PocketGym";

3.  Case ID 26223 regarding merchant name "PocketGym";

4.  Case ID 26224 regarding merchant name "PocketGym"; and

5.  Case ID 26228 regarding merchant name "PocketGym".

T.      The singular shall include the plural and the plural shall include the singular. The conjunctive "and" shall include the disjunctive "or" and the disjunctive "or" shall include the conjunctive "and."

U.      Each Document produced shall be produced as it is kept in the usual course of business (i.e., in the file folder or binder in which such Documents were located when the request was served) or shall be organized and labeled to correspond to the categories of Documents requested.

V.      You are instructed to produce any and all Documents which are in your possession, custody or control. Possession, custody or control includes constructive possession whereby you have a right to compel the production of a matter from a third party (including an agency, authority or representative).

W.      To the extent the location of any Document called for by this Exhibit is unknown to you, so state. If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth your best estimate of the Document's location and describe the basis upon which the estimate is made.

X.      If any Document request is deemed to call for disclosure of proprietary data, counsel for movant is prepared to receive such data pursuant to an appropriate confidentiality order.

Y.      To the extent the production of any Document is objected to on the basis of privilege, provide the following information about each such document: (1) describe the nature of the privilege claimed (e.g., attorney-client, work product, etc.); (2) state the factual and legal basis for the claim of such privilege (e.g., communication between attorney for corporation and outside counsel relating to acquisition of legal services); (3) identify each person who was present when

the document was prepared and who has seen the Document; and (4) identify every other Document which refers to or describes the contents of such Document.

Z.     If any document has been lost or destroyed, the Document so lost or destroyed shall be identified by author, date, subject matter, date of loss or destruction, identity of person responsible for loss or destruction and, if destroyed, the reason for such destruction.

**ITEMS TO BE PRODUCED**

1.      ALL COMMUNICATIONS with any individual or entity referring to, or relating to payments owed or made to or for DELORAZE.

2.      ALL DOCUMENTS concerning, referring to, or relating to any applications, agreements, contracts, arrangements, understandings or confirmations – whether signed or unsigned – with any bank, processor, other company or individual concerning, referring to, or relating to payments made to or for DELORAZE.

3.      ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to, or relating to funds, or the whereabouts of any funds, received or controlled by PDN, AUTHPAY or SHIMOGORI from any individual or entity – including but in no way limited to an acquiring bank, processor, reseller, intermediary, merchant of record with the acquiring bank or otherwise – that correspond or relate to any credit or debit card transactions relating to DELORAZE, including any transactions of its underlying merchants.

4.      ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to, or reflecting any debits - including but not limited to discount rates, chargebacks, chargeback fees, refunds, fines, fees or penalties - corresponding to any DELORAZE transactions, including any transactions of its underlying merchants.

5.      ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to, or relating to any reconciliation, statements or accounting of any merchant account or MID through which any DELORAZE credit or debit transaction, including any transactions of its underlying merchants, was processed.

6.      ALL BANK RECORDS reflecting transfers to the PDN BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

7.      DOCUMENTS sufficient to identify each bank, processor, other company or individual from whom PDN received any funds remitted to the PDN BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

8.      ALL COMMUNICATIONS concerning, referring to or relating to transfers to the PDN BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

9.      ALL BANK RECORDS reflecting transfers to the AUTHPAY BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

10.     DOCUMENTS sufficient to identify each bank, processor, other company or individual from whom PDN received any funds remitted to the AUTHPAY BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

11.     ALL COMMUNICATIONS concerning, referring to or relating to transfers to the AUTHPAY BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

12.     ALL COMMUNICATIONS between or among PDN and/or SHIMOGORI and/or PDN REPRESENTATIVES and/or AUTHPAY during the RELEVANT TIME PERIOD.

13.     ALL DOCUMENTS constituting any agreements, contracts, arrangements, understandings or confirmations with PDN and/or SHIMOGORI and/or AUTHPAY.

14.     ALL DOCUMENTS reflecting any transfer of funds – whether by wire transfer or otherwise – to or from PDN, SHIMOGORI, and/or AUTHPAY from the date of the first transaction for DELORAZE to present.

15.     ALL COMMUNICATIONS with any individual or entity referring to, or relating to payments owed or made to or for DELORAZE.

16.     ALL DOCUMENTS concerning, referring to, or relating to any applications, agreements, contracts, arrangements, understandings or confirmations-whether signed or unsigned-with any bank, processor, other company or individual concerning, referring to, or relating to payments made to or for DELORAZE.

17.    ALL DOCUMENTS concerning or relating to PDN or AUTHPAY's processing of any debit and/or credit card transactions for DELORAZE, PDN, AUTHPAY and/or SHIMOGORI, during the RELEVANT TIME PERIOD.

18.    ALL DOCUMENTS concerning or relating to the transfer of any funds corresponding to any debit and/or credit card transaction for DELORAZE, PDN, AUTHPAY and/or SHIMOGORI during the RELEVANT TIME PERIOD.

19.    ALL COMMUNICATIONS concerning, referring to or relating to, PDN BUSINESS BANK ACCOUNTS from January 1, 2023 to present.

20.    ALL BANK RECORDS associated with PDN MERCHANT ACCOUNTS from January 1, 2023 to present.

21.    ALL DOCUMENTS concerning or related to any application and/or supporting materials submitted to Equity Bank Limited for the purpose of opening any of the PDN MERCHANT ACCOUNTS.

22.    ALL COMMUNICATIONS concerning, referring to or relating to, AUTHPAY BUSINESS BANK ACCOUNTS from January 1, 2023 to present.

23.    ALL BANK RECORDS associated with AUTHPAY MERCHANT ACCOUNTS from January 1, 2023 to present.

24.    ALL DOCUMENTS concerning or related to any application and/or supporting materials submitted to Equity Bank Limited for the purpose of opening any of the AUTHPAY MERCHANT ACCOUNTS.

25.    ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to or relating to PDN's business bank account and/or merchant account with Equity Bank Limited, including but not limited to PDN's merchant agreement, AUTHPAY's merchant agreement, documents relating to PDN and/or AUTHPAY's direct processing relationship with Equity Bank Limited, and any agreements that reflect any fees and/or fines that would be passed to clients, such as DELORAZE and DELORAZE's underlying merchants, as the merchants of record.

26.    ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to, or relating to any $25,000 Visa-related fees and/or fines relating to DELORAZE transactions during the RELEVANT TIME PERIOD, including, but not limited any of the 5 IDENTIFIED TRANSACTIONS.

27.    ALL DOCUMENTS, including communications with and DOCUMENTS relating to any other fines or fees assessed relating to Applicant's transactions, including, but not limited to a purported $25,000 "Bank Fine" and $15,000 "Fee to the bank representative" claimed by PDN to have been assessed as a result of the 5 IDENTIFIED TRANSACTIONS.

# EXHIBIT "2"

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

| | |
|---|---|
| In re App. of Deloraze Limited - 28 USC §1782 Order | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No. |
| | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Kotaro Shimogori, 1506 Gorman Drive, Carmichael, California

_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto.

| Place: Law Offices of Michael Jason Lee, APLC<br>          4660 La Jolla Village Drive, Suite 100<br>          San Diego, CA 92122 | Date and Time: |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Michael Jason Lee |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_      Applicant
DELORAZE LIMITED _____ , who issues or requests this subpoena, are:

Michael Jason Lee; 4660 La Jolla Village Drive, Suite 100, San Diego, CA 92122; michael@mjllaw.com; 858.550.9984

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT "A"**

---

**DEFINITIONS**

---

The following definitions are to be used with respect to these documents:

A.      "ALL" shall mean each, any and all.

B.      "AUTHPAY" shall mean and refer to AuthPay Ltd, and anyone else acting on its behalf, which shall include but not be limited to AuthPay Ltd Director, Michael Paul Woolgar-Norton, a British citizen born in 1971.

C.      "AUTHPAY BUSINESS BANK ACCOUNTS" shall mean and refer to All business bank accounts held by AUTHPAY.

D.      "AUTHPAY MERCHANT ACCOUNTS" shall mean and refer to any and all business bank accounts that AUTHPAY opened to accept and process electronic payment card transactions such as debit and credit cards including but not limited to merchant accounts opened with Equity Bank Limited.

E.      "BANK RECORDS" shall mean and refer to account statements, signature cards, account applications, wire transfers (in and out) and any other DOCUMENT evidencing deposits, withdrawals, balances and/or other account activity.

F.      "COMMUNICATION(S)" shall mean any dissemination of information by transmission or a statement from one person to another or in the presence of another, whether by writing, orally or by action or conduct, including but not limited to, written notes, electronic communications with attachments, verbal conversations and visual notations.

G.      "DELORAZE" shall mean and refer to Deloraze Limited, Deloraze Limited's clients and customers, and anyone else acting on their behalf.

H.      "DESCRIPTOR" shall mean and refer to the following merchant descriptor or billing descriptor appearing on a cardholder's credit and/or debit card statement: (1) PocketGym; (2) DataWhizz; (3) Whizz.  (The actual descriptor used may sometimes vary slightly but are substantively the same.  For example, "PocketGym" may also appear as "Pocket Gym" and "DataWhizz" may also appear as "Data Whizz."  A substantively identical descriptor with a slight variation(s) from that listed here shall be deemed to be one of the same.)

I.      "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a) and shall mean any and all information in tangible or other form, whether printed, typed, recorded, computerized, filmed, reproduced by any process or written or produced by hand and whether an original, draft, master, duplicate or copy or notated version thereof, that is in your possession, custody or control. A draft or non- identical copy

is a separate document within the meaning of this term.

J.        "DOCUMENT" as used in this Subpoena shall also include, but not be limited to, electronic files, other data generated by and/or stored on or through any of your computer systems and storage media (e.g., internal or external hard drives, CD-ROM's, floppy disks, backup tapes, thumb drives, internet-based posting boards or any other data storage media or mechanisms) or any other electronic data. This includes, but is not limited to: email and other electronic communications (e.g., postings to internet forums, ICQ or any other instant messenger messages and/or text messages); voicemails; word processing documents; spreadsheets; databases; calendars; telephone logs; contact manager information; Internet usage files; offline storage or information stored on removable media; information contained on laptops or other portable devices; and network access information. Further, this includes data in any format for storing electronic data.

K.        "IDENTIFY," with respect to banking account information, means to provide (a) the vesting/full name on the account, (b) account number, (c) names of authorized signers on the account, (d) address of bank branch where each account was opened and (e) date each account was opened.

L.        "MID" shall mean and refer to Merchant Identification Number.

M.        "PDN" shall mean and refer to Pan Digital Network Limited, and anyone else acting on its behalf, which shall include but not be limited to SHIMOGORI, PDN Director Michael Paul Norton (a British citizen born in 1971), and former PDN Director Shah Imraul Kaeesh.

N.        "PDN BUSINESS BANK ACCOUNTS" shall mean and refer to All business bank accounts held by PDN.

O.        "PDN REPRESENTATIVE" shall mean and refer to any individuals or entities acting on PDN's behalf, which shall include, but not be limited to the following PDN's employees, agents, representatives, and/or contractors, including any individuals who use the following Skype member accounts:

1.        Matthew - xiryll29;
2.        Leon - live:.cid.46de62b1577fc5d2;
3.        Hipolito - live:.cid.4898d7694114cd07;
4.        Ferdinand - live:.cid.c084b2c404175c9f;
5.        Ers – live:.cid.bba2d7abe59ea9e7;
6.        Ericka - live:.cid.1605f4e408f12644;
7.        Chloe – live:.cid.f44f1070a40f886b;
8.        Cha – live:.cid.39a97244b7dc033f; and
9.        Carl - live:.cid.783b77ae4d2c5ad5.

P.        "PDN MERCHANT ACCOUNTS" shall mean and refer to any and all business bank accounts that PDN opened itself or outsourced to others such as AUTHPAY LTD to open to accept and process electronic payment card transactions such as debit and credit cards including but not limited to merchant accounts opened with Equity Bank Limited.

2

Q.      "SHIMOGORI" shall mean and refer to Kotari Shimogori, Director of PDN.

R.      "RELEVANT TIME PERIOD" shall mean and refer to PDN's first day of processing DELORAZE payments through PDN's last day of processing DELORAZE payments.

S.      "5 IDENTIFIED TRANSACTIONS" shall mean and refer to the purported Visa "Global Brand Protection Program" letters provided by PDN to DELORAZE reflecting the following:

1.  Case ID 26221 regarding merchant name "PocketGym";

2.  Case ID 26222 regarding merchant name "PocketGym";

3.  Case ID 26223 regarding merchant name "PocketGym";

4.  Case ID 26224 regarding merchant name "PocketGym"; and

5.  Case ID 26228 regarding merchant name "PocketGym".

T.      The singular shall include the plural and the plural shall include the singular. The conjunctive "and" shall include the disjunctive "or" and the disjunctive "or" shall include the conjunctive "and."

U.      Each Document produced shall be produced as it is kept in the usual course of business (i.e., in the file folder or binder in which such Documents were located when the request was served) or shall be organized and labeled to correspond to the categories of Documents requested.

V.      You are instructed to produce any and all Documents which are in your possession, custody or control. Possession, custody or control includes constructive possession whereby you have a right to compel the production of a matter from a third party (including an agency, authority or representative).

W.      To the extent the location of any Document called for by this Exhibit is unknown to you, so state. If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth your best estimate of the Document's location and describe the basis upon which the estimate is made.

X.      If any Document request is deemed to call for disclosure of proprietary data, counsel for movant is prepared to receive such data pursuant to an appropriate confidentiality order.

Y.      To the extent the production of any Document is objected to on the basis of privilege, provide the following information about each such document: (1) describe the nature of the privilege claimed (e.g., attorney-client, work product, etc.); (2) state the factual and legal basis for the claim of such privilege (e.g., communication between attorney for corporation and outside counsel relating to acquisition of legal services); (3) identify each person who was present when

the document was prepared and who has seen the Document; and (4) identify every other Document which refers to or describes the contents of such Document.

Z. If any document has been lost or destroyed, the Document so lost or destroyed shall be identified by author, date, subject matter, date of loss or destruction, identity of person responsible for loss or destruction and, if destroyed, the reason for such destruction.

---

**ITEMS TO BE PRODUCED**

---

1.      ALL COMMUNICATIONS with any individual or entity referring to, or relating to payments owed or made to or for DELORAZE.

2.      ALL DOCUMENTS concerning, referring to, or relating to any applications, agreements, contracts, arrangements, understandings or confirmations – whether signed or unsigned – with any bank, processor, other company or individual concerning, referring to, or relating to payments made to or for DELORAZE.

3.      ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to, or relating to funds, or the whereabouts of any funds, received or controlled by PDN, AUTHPAY or SHIMOGORI from any individual or entity – including but in no way limited to an acquiring bank, processor, reseller, intermediary, merchant of record with the acquiring bank or otherwise – that correspond or relate to any credit or debit card transactions relating to DELORAZE, including any transactions of its underlying merchants.

4.      ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to, or reflecting any debits - including but not limited to discount rates, chargebacks, chargeback fees, refunds, fines, fees or penalties - corresponding to any DELORAZE transactions, including any transactions of its underlying merchants.

5.      ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to, or relating to any reconciliation, statements or accounting of any merchant account or MID through which any DELORAZE credit or debit transaction, including any transactions of its underlying merchants, was processed.

6.      ALL BANK RECORDS reflecting transfers to the PDN BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

7.      DOCUMENTS sufficient to identify each bank, processor, other company or individual from whom PDN received any funds remitted to the PDN BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

8.      ALL COMMUNICATIONS concerning, referring to or relating to transfers to the PDN BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

9.      ALL BANK RECORDS reflecting transfers to the AUTHPAY BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

10.     DOCUMENTS sufficient to identify each bank, processor, other company or individual from whom PDN received any funds remitted to the AUTHPAY BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

11.     ALL COMMUNICATIONS concerning, referring to or relating to transfers to the AUTHPAY BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

12.     ALL COMMUNICATIONS between or among PDN and/or SHIMOGORI and/or PDN REPRESENTATIVES and/or AUTHPAY during the RELEVANT TIME PERIOD.

13.     ALL DOCUMENTS constituting any agreements, contracts, arrangements, understandings or confirmations with PDN and/or SHIMOGORI and/or AUTHPAY.

14.     ALL DOCUMENTS reflecting any transfer of funds – whether by wire transfer or otherwise – to or from PDN, SHIMOGORI,  and/or AUTHPAY from the date of the first transaction for DELORAZE to present.

15.     ALL COMMUNICATIONS with any individual or entity referring to, or relating to payments owed or made to or for DELORAZE.

16.     ALL DOCUMENTS concerning, referring to, or relating to any applications, agreements, contracts, arrangements, understandings or confirmations-whether signed or unsigned-with any bank, processor, other company or individual concerning, referring to, or relating to payments made to or for DELORAZE.

17.     ALL DOCUMENTS concerning or relating to PDN or AUTHPAY's processing of any debit and/or credit card transactions for DELORAZE, PDN, A U T H P A Y   a n d / o r SHIMOGORI, during the RELEVANT TIME PERIOD.

18.     ALL DOCUMENTS concerning or relating to the transfer of any funds corresponding to any debit and/or credit card transaction for DELORAZE, PDN, A U T H P A Y a n d / o r  SHIMOGORI  during the RELEVANT TIME PERIOD.

19.     ALL COMMUNICATIONS concerning, referring to or relating to, PDN BUSINESS BANK ACCOUNTS from January 1, 2023 to present.

20.     ALL BANK RECORDS associated with PDN MERCHANT ACCOUNTS from January 1, 2023 to present.

21.     ALL DOCUMENTS concerning or related to any application and/or supporting materials submitted to Equity Bank Limited for the purpose of opening any of the PDN MERCHANT ACCOUNTS.

22.     ALL COMMUNICATIONS concerning, referring to or relating to, AUTHPAY BUSINESS BANK ACCOUNTS from January 1, 2023 to present.

23.     ALL BANK RECORDS associated with AUTHPAY MERCHANT ACCOUNTS from January 1, 2023 to present.

24.     ALL DOCUMENTS concerning or related to any application and/or supporting materials submitted to Equity Bank Limited for the purpose of opening any of the AUTHPAY MERCHANT ACCOUNTS.

25.     ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to or relating to PDN's business bank account and/or merchant account with Equity Bank Limited, including but not limited to PDN's merchant agreement, AUTHPAY's merchant agreement, documents relating to PDN and/or AUTHPAY's direct processing relationship with Equity Bank Limited, and any agreements that reflect any fees and/or fines that would be passed to clients, such as DELORAZE and DELORAZE's underlying merchants, as the merchants of record.

26.     ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to, or relating to any $25,000 Visa-related fees and/or fines relating to DELORAZE transactions during the RELEVANT TIME PERIOD, including, but not limited any of the 5 IDENTIFIED TRANSACTIONS.

27.     ALL DOCUMENTS, including communications with and DOCUMENTS relating to any other fines or fees assessed relating to Applicant's transactions, including, but not limited to a purported $25,000 "Bank Fine" and $15,000 "Fee to the bank representative" claimed by PDN to have been assessed as a result of the 5 IDENTIFIED TRANSACTIONS.

# EXHIBIT "3"

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | | |
|---|---|---|
| In re App. of Deloraze Limited - 28 USC §1782 Order | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           Kotaro Shimogori, 1506 Gorman Drive, Carmichael, California

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  Deposition Topics: The Definitions in Exhibit A are incorporated herein by reference.  YOU shall testify concerning: All DOCUMENTS, and the subjects they cover, produced by YOU in response to this Subpoena.

| Place: | Aptus Court Reporting<br>2450 Venture Oaks Way, Suite 200<br>Sacramento, CA 95833 | Date and Time: |
|---|---|---|

The deposition will be recorded by this method: _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A, attached hereto.

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        *CLERK OF COURT*

                                    OR

                                              /s/ Michael Jason Lee

_____         _____
   *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Applicant
DELORAZE LIMITED                                                        , who issues or requests this subpoena, are:

Michael Jason Lee; 4660 La Jolla Village Drive, Suite 100, San Diego, CA 92122; michael@mjllaw.com; 858.550.9984

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT "A"**

---

**DEFINITIONS**

---

The following definitions are to be used with respect to these documents:

A.      "ALL" shall mean each, any and all.

B.      "AUTHPAY" shall mean and refer to AuthPay Ltd, and anyone else acting on its behalf, which shall include but not be limited to AuthPay Ltd Director, Michael Paul Woolgar-Norton, a British citizen born in 1971.

C.      "AUTHPAY BUSINESS BANK ACCOUNTS" shall mean and refer to All business bank accounts held by AUTHPAY.

D.      "AUTHPAY MERCHANT ACCOUNTS" shall mean and refer to any and all business bank accounts that AUTHPAY opened to accept and process electronic payment card transactions such as debit and credit cards including but not limited to merchant accounts opened with Equity Bank Limited.

E.      "BANK RECORDS" shall mean and refer to account statements, signature cards, account applications, wire transfers (in and out) and any other DOCUMENT evidencing deposits, withdrawals, balances and/or other account activity.

F.      "COMMUNICATION(S)" shall mean any dissemination of information by transmission or a statement from one person to another or in the presence of another, whether by writing, orally or by action or conduct, including but not limited to, written notes, electronic communications with attachments, verbal conversations and visual notations.

G.      "DELORAZE" shall mean and refer to Deloraze Limited, Deloraze Limited's clients and customers, and anyone else acting on their behalf.

H.      "DESCRIPTOR" shall mean and refer to the following merchant descriptor or billing descriptor appearing on a cardholder's credit and/or debit card statement: (1) PocketGym; (2) DataWhizz; (3) Whizz.  (The actual descriptor used may sometimes vary slightly but are substantively the same.  For example, "PocketGym" may also appear as "Pocket Gym" and "DataWhizz" may also appear as "Data Whizz."  A  substantively identical descriptor with a slight variation(s) from that listed here shall be deemed to be one of the same.)

I.      "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a) and shall mean any and all information in tangible or other form, whether printed, typed, recorded, computerized, filmed, reproduced by any process or written or produced by hand and whether an original, draft, master, duplicate or copy or notated version thereof, that is in your possession, custody or control. A draft or non- identical copy

1

is a separate document within the meaning of this term.

J.        "DOCUMENT" as used in this Subpoena shall also include, but not be limited to, electronic files, other data generated by and/or stored on or through any of your computer systems and storage media (e.g., internal or external hard drives, CD-ROM's, floppy disks, backup tapes, thumb drives, internet-based posting boards or any other data storage media or mechanisms) or any other electronic data. This includes, but is not limited to: email and other electronic communications (e.g., postings to internet forums, ICQ or any other instant messenger messages and/or text messages); voicemails; word processing documents; spreadsheets; databases; calendars; telephone logs; contact manager information; Internet usage files; offline storage or information stored on removable media; information contained on laptops or other portable devices; and network access information. Further, this includes data in any format for storing electronic data.

K.        "IDENTIFY," with respect to banking account information, means to provide (a) the vesting/full name on the account, (b) account number, (c) names of authorized signers on the account, (d) address of bank branch where each account was opened and (e) date each account was opened.

L.        "MID" shall mean and refer to Merchant Identification Number.

M.        "PDN" shall mean and refer to Pan Digital Network Limited, and anyone else acting on its behalf, which shall include but not be limited to SHIMOGORI, PDN Director Michael Paul Norton (a British citizen born in 1971), and former PDN Director Shah Imraul Kaeesh.

N.        "PDN BUSINESS BANK ACCOUNTS" shall mean and refer to All business bank accounts held by PDN.

O.        "PDN REPRESENTATIVE" shall mean and refer to any individuals or entities acting on PDN's behalf, which shall include, but not be limited to the following PDN's employees, agents, representatives, and/or contractors, including any individuals who use the following Skype member accounts:

1.        Matthew - xiryll29;
2.        Leon - live:.cid.46de62b1577fc5d2;
3.        Hipolito - live:.cid.4898d7694114cd07;
4.        Ferdinand - live:.cid.c084b2c404175c9f;
5.        Ers – live:.cid.bba2d7abe59ea9e7;
6.        Ericka - live:.cid.1605f4e408f12644;
7.        Chloe – live:.cid.f44f1070a40f886b;
8.        Cha – live:.cid.39a97244b7dc033f; and
9.        Carl - live:.cid.783b77ae4d2c5ad5.

P.        "PDN MERCHANT ACCOUNTS" shall mean and refer to any and all business bank accounts that PDN opened itself or outsourced to others such as AUTHPAY LTD to open to accept and process electronic payment card transactions such as debit and credit cards including but not limited to merchant accounts opened with Equity Bank Limited.

Q.      "SHIMOGORI" shall mean and refer to Kotari Shimogori, Director of PDN.

R.      "RELEVANT TIME PERIOD" shall mean and refer to PDN's first day of processing DELORAZE payments through PDN's last day of processing DELORAZE payments.

S.      "5 IDENTIFIED TRANSACTIONS" shall mean and refer to the purported Visa "Global Brand Protection Program" letters provided by PDN to DELORAZE reflecting the following:

1. Case ID 26221 regarding merchant name "PocketGym";

2. Case ID 26222 regarding merchant name "PocketGym";

3. Case ID 26223 regarding merchant name "PocketGym";

4. Case ID 26224 regarding merchant name "PocketGym"; and

5. Case ID 26228 regarding merchant name "PocketGym".

T.      The singular shall include the plural and the plural shall include the singular. The conjunctive "and" shall include the disjunctive "or" and the disjunctive "or" shall include the conjunctive "and."

U.      Each Document produced shall be produced as it is kept in the usual course of business (i.e., in the file folder or binder in which such Documents were located when the request was served) or shall be organized and labeled to correspond to the categories of Documents requested.

V.      You are instructed to produce any and all Documents which are in your possession, custody or control. Possession, custody or control includes constructive possession whereby you have a right to compel the production of a matter from a third party (including an agency, authority or representative).

W.      To the extent the location of any Document called for by this Exhibit is unknown to you, so state. If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth your best estimate of the Document's location and describe the basis upon which the estimate is made.

X.      If any Document request is deemed to call for disclosure of proprietary data, counsel for movant is prepared to receive such data pursuant to an appropriate confidentiality order.

Y.      To the extent the production of any Document is objected to on the basis of privilege, provide the following information about each such document: (1) describe the nature of the privilege claimed (e.g., attorney-client, work product, etc.); (2) state the factual and legal basis for the claim of such privilege (e.g., communication between attorney for corporation and outside counsel relating to acquisition of legal services); (3) identify each person who was present when

the document was prepared and who has seen the Document; and (4) identify every other Document which refers to or describes the contents of such Document.

Z.      If any document has been lost or destroyed, the Document so lost or destroyed shall be identified by author, date, subject matter, date of loss or destruction, identity of person responsible for loss or destruction and, if destroyed, the reason for such destruction.

**ITEMS TO BE PRODUCED**

1.      ALL COMMUNICATIONS with any individual or entity referring to, or relating to payments owed or made to or for DELORAZE.

2.      ALL DOCUMENTS concerning, referring to, or relating to any applications, agreements, contracts, arrangements, understandings or confirmations – whether signed or unsigned – with any bank, processor, other company or individual concerning, referring to, or relating to payments made to or for DELORAZE.

3.      ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to, or relating to funds, or the whereabouts of any funds, received or controlled by PDN, AUTHPAY or SHIMOGORI from any individual or entity – including but in no way limited to an acquiring bank, processor, reseller, intermediary, merchant of record with the acquiring bank or otherwise – that correspond or relate to any credit or debit card transactions relating to DELORAZE, including any transactions of its underlying merchants.

4.      ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to, or reflecting any debits - including but not limited to discount rates, chargebacks, chargeback fees, refunds, fines, fees or penalties - corresponding to any DELORAZE transactions, including any transactions of its underlying merchants.

5.      ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to, or relating to any reconciliation, statements or accounting of any merchant account or MID through which any DELORAZE credit or debit transaction, including any transactions of its underlying merchants, was processed.

6.      ALL BANK RECORDS reflecting transfers to the PDN BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

7.      DOCUMENTS sufficient to identify each bank, processor, other company or individual from whom PDN received any funds remitted to the PDN BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

8.      ALL COMMUNICATIONS concerning, referring to or relating to transfers to the PDN BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

9.      ALL BANK RECORDS reflecting transfers to the AUTHPAY BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

10.     DOCUMENTS sufficient to identify each bank, processor, other company or individual from whom PDN received any funds remitted to the AUTHPAY BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

11.     ALL COMMUNICATIONS concerning, referring to or relating to transfers to the AUTHPAY BUSINESS BANK ACCOUNTS during the RELEVANT TIME PERIOD.

12.     ALL COMMUNICATIONS between or among PDN and/or SHIMOGORI and/or PDN REPRESENTATIVES and/or AUTHPAY during the RELEVANT TIME PERIOD.

13.     ALL DOCUMENTS constituting any agreements, contracts, arrangements, understandings or confirmations with PDN and/or SHIMOGORI and/or AUTHPAY.

14.     ALL DOCUMENTS reflecting any transfer of funds – whether by wire transfer or otherwise – to or from PDN, SHIMOGORI, and/or AUTHPAY from the date of the first transaction for DELORAZE to present.

15.     ALL COMMUNICATIONS with any individual or entity referring to, or relating to payments owed or made to or for DELORAZE.

16.     ALL DOCUMENTS concerning, referring to, or relating to any applications, agreements, contracts, arrangements, understandings or confirmations-whether signed or unsigned-with any bank, processor, other company or individual concerning, referring to, or relating to payments made to or for DELORAZE.

17.     ALL DOCUMENTS concerning or relating to PDN or AUTHPAY's processing of any debit and/or credit card transactions for DELORAZE, PDN, A U T H P A Y   a n d / o r SHIMOGORI, during the RELEVANT TIME PERIOD.

18.     ALL DOCUMENTS concerning or relating to the transfer of any funds corresponding to any debit and/or credit card transaction for DELORAZE, PDN, A U T H P A Y a n d / o r SHIMOGORI during the RELEVANT TIME PERIOD.

19.     ALL COMMUNICATIONS concerning, referring to or relating to, PDN BUSINESS BANK ACCOUNTS from January 1, 2023 to present.

20.     ALL BANK RECORDS associated with PDN MERCHANT ACCOUNTS from January 1, 2023 to present.

21.     ALL DOCUMENTS concerning or related to any application and/or supporting materials submitted to Equity Bank Limited for the purpose of opening any of the PDN MERCHANT ACCOUNTS.

22.     ALL COMMUNICATIONS concerning, referring to or relating to, AUTHPAY BUSINESS BANK ACCOUNTS from January 1, 2023 to present.

23.     ALL BANK RECORDS associated with AUTHPAY MERCHANT ACCOUNTS from January 1, 2023 to present.

24.     ALL DOCUMENTS concerning or related to any application and/or supporting materials submitted to Equity Bank Limited for the purpose of opening any of the AUTHPAY MERCHANT ACCOUNTS.

25.     ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to or relating to PDN's business bank account and/or merchant account with Equity Bank Limited, including but not limited to PDN's merchant agreement, AUTHPAY's merchant agreement, documents relating to PDN and/or AUTHPAY's direct processing relationship with Equity Bank Limited, and any agreements that reflect any fees and/or fines that would be passed to clients, such as DELORAZE and DELORAZE's underlying merchants, as the merchants of record.

26.     ALL DOCUMENTS, including COMMUNICATIONS, concerning, referring to, or relating to any $25,000 Visa-related fees and/or fines relating to DELORAZE transactions during the RELEVANT TIME PERIOD, including, but not limited any of the 5 IDENTIFIED TRANSACTIONS.

27.     ALL DOCUMENTS, including communications with and DOCUMENTS relating to any other fines or fees assessed relating to Applicant's transactions, including, but not limited to a purported $25,000 "Bank Fine" and $15,000 "Fee to the bank representative" claimed by PDN to have been assessed as a result of the 5 IDENTIFIED TRANSACTIONS.

# EXHIBIT "4"

Registered number
10632334

Pan Digital Network Limited

Filleted Accounts

31 December 2022

**Pan Digital Network Limited**

**Registered number:** 10632334

**Balance Sheet**

**as at 31 December 2022**

|  | Notes | | 2022 | | 2021 |
|---|---|---|---|---|---|
|  |  |  | £ |  | £ |
| **Current assets** |  |  |  |  |  |
| Cash at bank and in hand |  | 516,401 |  | 516,401 |  |
|  |  |  |  |  |  |
| **Creditors: amounts falling due within one year** | 3 | (8,360,473) |  | (8,360,473) |  |
|  |  |  |  |  |  |
| **Net current liabilities** |  |  | (7,844,072) |  | (7,844,072) |
|  |  |  |  |  |  |
| **Net liabilities** |  |  | (7,844,072) |  | (7,844,072) |
|  |  |  |  |  |  |
| **Capital and reserves** |  |  |  |  |  |
| Called up share capital |  |  | 1,000 |  | 1,000 |
| Profit and loss account |  |  | (7,845,072) |  | (7,845,072) |
|  |  |  |  |  |  |
| **Shareholders' funds** |  |  | (7,844,072) |  | (7,844,072) |

The directors are satisfied that the company is entitled to exemption from the requirement to obtain an audit under section 477 of the Companies Act 2006.

The members have not required the company to obtain an audit in accordance with section 476 of the Act.

The directors acknowledge their responsibilities for complying with the requirements of the Companies Act 2006 with respect to accounting records and the preparation of accounts.

The accounts have been prepared and delivered in accordance with the special provisions applicable to companies subject to the small companies regime. The profit and loss account has not been delivered to the Registrar of Companies.

K Shimogori

Director

Approved by the board on 29 September 2023

**Pan Digital Network Limited**

**Notes to the Accounts**

**for the year ended 31 December 2022**

1   **Accounting policies**

*Basis of preparation*

The accounts have been prepared under the historical cost convention and in accordance with FRS 102, The Financial Reporting Standard applicable in the UK and Republic of Ireland (as applied to small entities by section 1A of the standard).

*Turnover*

Turnover is measured at the fair value of the consideration received or receivable, net of discounts and value added taxes. Turnover includes revenue earned from the sale of goods and from the rendering of services. Turnover from the sale of goods is recognised when the significant risks and rewards of ownership of the goods have transferred to the buyer. Turnover from the rendering of services is recognised by reference to the stage of completion of the contract. The stage of completion of a contract is measured by comparing the costs incurred for work performed to date to the total estimated contract costs.

*Debtors*

Short term debtors are measured at transaction price (which is usually the invoice price), less any impairment losses for bad and doubtful debts. Loans and other financial assets are initially recognised at transaction price including any transaction costs and subsequently measured at amortised cost determined using the effective interest method, less any impairment losses for bad and doubtful debts.

*Creditors*

Short term creditors are measured at transaction price (which is usually the invoice price). Loans and other financial liabilities are initially recognised at transaction price net of any transaction costs and subsequently measured at amortised cost determined using the effective interest method.

*Taxation*

A current tax liability is recognised for the tax payable on the taxable profit of the current and past periods. A current tax asset is recognised in respect of a tax loss that can be carried back to recover tax paid in a previous period. Deferred tax is recognised in respect of all timing differences between the recognition of income and expenses in the financial statements and their inclusion in tax assessments. Unrelieved tax losses and other deferred tax assets are recognised only to the extent that it is probable that they will be recovered against the reversal of deferred tax liabilities or other future taxable profits. Deferred tax is measured using the tax rates and laws that have been enacted or substantively enacted by the reporting date and that are expected to apply to the reversal of the timing difference, except for revalued land and investment property where the tax rate that applies to the sale of the asset is used. Current and deferred tax assets and liabilities are not discounted.

*Provisions*

Provisions (ie liabilities of uncertain timing or amount) are recognised when there is an obligation at the reporting date as a result of a past event, it is probable that economic benefit will be transferred to settle the obligation and the amount of the obligation can be estimated reliably.

*Foreign currency translation*

Transactions in foreign currencies are initially recognised at the rate of exchange ruling at the date of the transaction. At the end of each reporting period foreign currency monetary items are translated at the closing rate of exchange. Non-monetary items that are measured at historical cost are translated at the rate ruling at the date of the transaction. All differences are charged to profit or loss.

| 2 | **Employees** | **2022** | **2021** |
|---|---|---|---|
| | | **Number** | **Number** |
| | Average number of persons employed by the company | 2 | 2 |

| 3 | **Creditors: amounts falling due within one year** | **2022** | **2021** |
|---|---|---|---|
| | | **£** | **£** |
| | Directors loan - K Shimogori | 86,273 | 86,273 |
| | Due to group undertakings | 8,258,009 | 8,258,009 |
| | Taxation and social security costs | 5,399 | 5,399 |
| | Other creditors | 10,792 | 10,792 |
| | | 8,360,473 | 8,360,473 |

**4   Other information**

Pan Digital Network Limited is a private company limited by shares and incorporated in England. Its registered office is:

Belmont Cottage Holymoor Road

Holymoorside

Chesterfield

S42 7DS

This document was delivered using electronic communications and authenticated in accordance with the registrar's rules relating to electronic form, authentication and manner of delivery under section 1072 of the Companies Act 2006.

# EXHIBIT "5"



**Companies House**

# AP01 (ef)

| Appointment of Director |



X6CAQK5M

*Company Name:*  **COMCOPIOUS UK LIMITED**

*Company Number:*  **10632334**

*Received for filing in Electronic Format on the:*  **07/08/2017**

---

## New *Appointment* Details

*Date of Appointment:*  **07/08/2017**

*Name:*  **KOTARO  SHIMOGORI**

The company confirms that the person named has consented to act as a director.

*Service Address:*  **UNIT 702 7/F BANGKOK BANK BUILDING
NO. 18 BONHAM STRAND WEST
HONG KONG**

*Country/State Usually Resident:*  **USA**

*Date of Birth:*  **\*\*/01/1960**

*Nationality:*  **AMERICAN**

*Occupation:*  **BUSINESSMAN**

---

*Former Names:*

---

## *Authorisation*

*Authenticated*

*This form was authorised by one of the following:*

Director, Secretary, Person Authorised, Administrator, Administrative Receiver, Receiver, Receiver Manager, Charity Commission Receiver and Manager, CIC Manager, Judicial Factor.