UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORAZE LIMITED,<br><br>        Plaintiff,<br><br>    v.<br><br>KOTARO SHIMOGORI,<br><br>        Defendant. | No. 2:24-mc-00159-DAD-CKD<br><br><br>ORDER |

      This matter is before the court on the ex parte application of Deloraze Ltd. for an order pursuant to 28 U.S.C. § 1782 authorizing service of subpoenas for documents and testimony on Sacramento resident Kotaro Shimogori. The discovery materials are for use in a court proceeding in England, anticipated but not yet started at the time the application was filed.

    I.    <u>Background</u>

    The applicant is a company registered in Cyprus and in the business of providing payment consulting services for internet businesses. DeLoraze's clients are merchants who provide products and services to their customers in exchange for payments made by debit and credit cards. Deloraze's services include managing and collecting payments on behalf of its clients. As part of these services, Deloraze engages third-party payment processors to act as intermediaries between banks and the client merchants to process card payments.

The discovery application relates to funds allegedly owed to one of Deloraze's merchant clients, referred to in the application as D-Client. The payment processor at issue is Pan Digital Network Limited ("PDN"), a United Kingdom (UK) company. On information and belief, respondent Shimogori is and was, at all relevant times, a director of PDN, and lives in Sacramento County. For reasons set forth in its application, Deloraze believes that respondent has "documents related to deposits of approximately $290,000 that was fraudulently stolen and is presently owed to [Deloraze and/or its merchant client, D-Client] by PDN." ECF No. 1-3 at 2. Deloraze avers that its subpoena for these documents is narrowly tailored and "should not yield a significant volume of documents." Id. at 4; see id., Exhibit 2 (proposed subpoena for documents). Deloraze also seeks to subpoena Mr. Shimogori's testimony at a deposition in Sacramento. See id., Exhibit 3 (proposed subpoena for testimony).

II.     Legal Standard

"Section 1782 is the product of congressional efforts . . . to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). The statute reads, in pertinent part:

> The district court of the district in which a person resides or is found may order him to ... produce a document or other thing for use in a proceeding in a foreign or international tribunal.... The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or *upon the application of any interested person* and may direct that ... the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for ... producing the document or other thing. To the extent that the order does not prescribe otherwise, ... the document or other thing [shall be] produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a) (emphasis added).

"Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the

1  application is made by a foreign or international tribunal or 'any interested person.'" Khrapunov
2  v. Prosyankin, 931 F.3d 922, 925 (9th Cir. 2019) (citing 28 U.S.C. § 1782(a)).
3        Even where the statutory requirements are met, a district court retains discretion to
4  determine what discovery, if any, should be permitted. Intel, 542 U.S. at 264. In exercising its
5  discretion, a district court should consider the following factors: (1) whether the "person from
6  whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the
7  foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the
8  foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3)
9  whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or
10 other policies of a foreign country or the United States"; and (4) whether the request is "unduly
11 intrusive or burdensome." Id. at 264-65.
12       A district court's discretion is to be exercised in view of § 1782's twin aims: "providing
13 efficient assistance to participants in international litigation and encouraging foreign countries by
14 example to provide similar assistance to our courts." Id. at 252. There is no requirement that the
15 party seeking discovery establish that the information sought would be discoverable under the
16 governing law in the foreign proceeding or that United States law would allow discovery in an
17 analogous domestic proceeding. Id. at 247, 261-63.
18    III.    Analysis
19      Here, Deloraze appears to meet the statutory requirements of section 1782.
20      First, respondent Shimogori resides in this district.
21      Second, the discovery is for use in the proceeding of a foreign tribunal. As of the filing
22 date of the application, Deloraze "anticipate[d] bringing suit in the High Court of Justice in
23 London" and had "retained litigation counsel in the [UK] for the purpose of filing a claim against
24 PDN in the High Court of Justice." ECF No. 1 at 6. "[U]nder section 1782's 'for use'
25 requirement, 'the foreign proceeding need not be pending, so long as it is 'within reasonable
26 contemplation.'" In re Republic of Turkey, 2021 WL 3022318, *4 (N.D. Ill. July 16, 2020),
27 citing Mees v. Buiter, 793 F.3d 291, 295 (2d Cir. 2015) (quoting Intel, 542 U.S. at 259); see, e.g.,
28 In re Ex Parte Application of Matsumoto, 2024 WL 3416266 (N.D. Cal. July 15, 2024) (granting

§ 1782 application for discovery where applicant "plans to sue two people" related to discovery sought). When the application was filed, Deloraze had retained counsel and was contemplating suing PDN in a London court; however, things may have changed since then. Thus, the court will seek supplementary briefing on that issue, as set forth below.

Finally, assuming <u>arguendo</u> that the London case is going forward, the application is made by an "interested person" under section 1782. <u>See</u> <u>Intel</u>, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782[.]").

As to the discretionary factors, it is difficult to consider them while the status of the London litigation is unclear. Thus, the court will direct Deloraze to file a short supplemental brief updating the court on the case status, after which the court will promptly rule on the pending application. If the ex parte application is granted, Mr. Shimogori "of course remains free to object or move to quash the subpoena." <u>In re Matsumoto</u>, 2024 WL 341266, *1.

Accordingly, IT IS HEREBY ORDERED THAT:

1. No later than fourteen days (14) from the date of this order, Deloraze shall file a short supplementary brief updating the court about the contemplated London litigation and any new issues bearing on the statutory or discretionary factors of section 1782.

Dated: March 12, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4