1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DELORAZE LIMITED,                         No.  2:24-mc-00159-DAD-CKD

12              Plaintiff,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   KOTARO SHIMOGORI,

15              Defendant.

16

17        This matter is before the court on the ex parte application of Deloraze Ltd. for an order

18   pursuant to 28 U.S.C. § 1782 authorizing service of subpoenas for documents and testimony on

19   Sacramento resident Kotaro Shimogori.  (ECF No. 1.)  The discovery materials are for use in a

20   court proceeding in England, anticipated but not yet started at the time the application was filed.

21   Deloraze has filed a supplemental brief updating the court on the status of the litigation as well as

22   other relevant issues.  (ECF No. 6.)  Having reviewed the application and supplemental materials,

23   the undersigned will recommend that the application be granted for the reasons set forth below.[1]

24        I.    Background

25        The applicant is a company registered in Cyprus and in the business of providing payment

---

[1] These findings largely reprise the undersigned's March 13, 2025 order, with additional findings relating to the supplemental brief. Because respondent Shimogori has not yet appeared in this action nor had the option of consenting to magistrate judge jurisdiction, the issuance of findings and recommendations for review by the district judge is appropriate.  (See ECF No. 2.)

1

consulting services for internet businesses.  Deloraze's clients are merchants who provide products and services to their customers in exchange for payments made by debit and credit cards.  Deloraze's services include managing and collecting payments on behalf of its clients.  As part of these services, Deloraze engages third-party payment processors to act as intermediaries between banks and the client merchants to process card payments.

The discovery application relates to funds allegedly owed to one of Deloraze's merchant clients, referred to in the application as D-Client.  The payment processor at issue is Pan Digital Network Limited ("PDN"), a United Kingdom (UK) company.  On information and belief, respondent Shimogori is and was, at all relevant times, a director of PDN, and lives in Sacramento County.  For reasons set forth in its application, Deloraze believes that respondent has "documents related to deposits of approximately $290,000 that was fraudulently stolen and is presently owed to [Deloraze and/or its merchant client, D-Client] by PDN."  ECF No. 1-3 at 2. Deloraze avers that its subpoena for these documents is narrowly tailored and "should not yield a significant volume of documents."  Id. at 4; see id., Exhibit 2 (proposed subpoena for documents). Deloraze also seeks to subpoena Mr. Shimogori's testimony at a deposition in Sacramento.  See id., Exhibit 3 (proposed subpoena for testimony).

II.    Legal Standard

"Section 1782 is the product of congressional efforts . . . to provide federal-court assistance in gathering evidence for use in foreign tribunals."  Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). The statute reads, in pertinent part:

> The district court of the district in which a person resides or is found may order him to ... produce a document or other thing for use in a proceeding in a foreign or international tribunal.... The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or *upon the application of any interested person* and may direct that ... the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for ... producing the document or other thing. To the extent that the order does not prescribe otherwise, ... the document or other thing [shall be] produced, in accordance with the Federal Rules of Civil Procedure.

2

1    28 U.S.C. § 1782(a) (emphasis added).

2        "Section 1782's statutory language has been distilled to permit district courts to authorize

3    discovery where three general requirements are satisfied: (1) the person from whom the discovery

4    is sought 'resides or is found' in the district of the district court where the application is made; (2)

5    the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the

6    application is made by a foreign or international tribunal or 'any interested person.'" Khrapunov

7    v. Prosyankin, 931 F.3d 922, 925 (9th Cir. 2019) (citing 28 U.S.C. § 1782(a)).

8        Even where the statutory requirements are met, a district court retains discretion to

9    determine what discovery, if any, should be permitted. Intel, 542 U.S. at 264. In exercising its

10   discretion, a district court should consider the following factors: (1) whether the "person from

11   whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the

12   foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the

13   foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3)

14   whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or

15   other policies of a foreign country or the United States"; and (4) whether the request is "unduly

16   intrusive or burdensome." Id. at 264-65.

17       A district court's discretion is to be exercised in view of § 1782's twin aims: "providing

18   efficient assistance to participants in international litigation and encouraging foreign countries by

19   example to provide similar assistance to our courts." Id. at 252. There is no requirement that the

20   party seeking discovery establish that the information sought would be discoverable under the

21   governing law in the foreign proceeding or that United States law would allow discovery in an

22   analogous domestic proceeding. Id. at 247, 261-63.

23   III.    Analysis

24   Here, Deloraze meets the statutory requirements of section 1782. First, respondent Shimogori

25   resides in this district.

26        Second, the discovery is for use in the proceeding of a foreign tribunal. As of the filing date

27   of the application, Deloraze "anticipate[d] bringing suit in the High Court of Justice in London"

28   and had "retained litigation counsel in the [UK] for the purpose of filing a claim against PDN in

3

the High Court of Justice." (ECF No. 1 at 6.)  In its recent supplemental filing, Deloraze indicates that it intends to initiate legal proceedings against PDN in the High Court of London once it has the responsive documents and testimony sought in the proposed discovery.  (ECF No. 6 at 2-3.)  Deloraze has retained litigation counsel in the UK for this purpose and is awaiting the discovery sought in this application in order to ensure it can meet certain pleading requirements under UK law.  (Id.)  "[U]nder section 1782's 'for use' requirement, 'the foreign proceeding need not be pending, so long as it is 'within reasonable contemplation.''"  In re Republic of Turkey, 2021 WL 3022318, *4 (N.D. Ill. July 16, 2020), citing Mees v. Buiter, 793 F.3d 291, 295 (2d Cir. 2015) (quoting Intel, 542 U.S. at 259); see, e.g., In re Ex Parte Application of Matsumoto, 2024 WL 3416266 (N.D. Cal. July 15, 2024) (granting § 1782 application for discovery where applicant "plans to sue two people" related to discovery sought).  This statutory factor is satisfied.

Finally, the application is made by an "interested person" under section 1782.  See Intel, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782[.]").

The discretionary factors also favor granting the application, without prejudice to any objection or counter-argument by respondent.  As to factor (1), Deloraze avers that respondent Shimogori is, or was at all relevant times, one of two directors of PDN and has "direct access to and intimate knowledge of PDN's payment processing records" that are the subject of the foreign proceeding.  (ECF No. 6 at 4.)  Factor (2) is neutral, as it is premature to gauge the receptivity of the foreign court to U.S. federal court assistance; however, there is no obvious reason to believe the High Court of Justice will object to the manner in which Deloraze seeks to obtain key discovery underpinning its pleading in that tribunal.  As to factor (3), there is no current indication that Deloraze's requests conceal an attempt to circumvent foreign proof-gathering restrictions or other foreign or U.S. policies.  Finally, as to factor (4), Deloraze's request is not unduly intrusive or burdensome, given Shimogori's role as PDN director and Deloraze's willingness to enter into a confidentiality agreement as to any proprietary documents.  (See ECF No. 1 at 20.)  Moreover, if Deloraze's parte application is granted, Mr. Shimogori "of course remains free to object or move to quash the subpoena."  In re Matsumoto, 2024 WL 341266, *1.

Thus, factors (3) and (4) favor granting the application.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Deloraze's application (ECF No. 1) be GRANTED without prejudice as to any argument or objection that may be asserted in a motion to quash or modify the subpoena by respondent Shimogori.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Dated:  April 3, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/delor159.disc_f&rs

5