UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORAZE LIMITED,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KOTARO SHIMOGORI,<br><br>　　　　　Respondent. | No.  2:24-mc-00159-DAD-CKD<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITIONER'S *EX PARTE* APPLICATION TO CONDUCT DISCOVERY<br><br>(Doc. Nos. 1, 7) |

　　　　Applicant Deloraze Limited is a Cyprus-registered company bringing this *ex parte* application to conduct discovery pursuant to 28 U.S.C. § 1782.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 11, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's *ex parte* application to conduct discovery (Doc. No. 1) be granted. (Doc. No. 7.)  The magistrate judge first determined that § 1782 authorizes discovery when three conditions were met: "(1) the person from whom the discovery is sought resides or is found in the district of the district court where the application is made; (2) the discovery is for use in a proceeding in a foreign or international tribunal; and (3) the application is made by a foreign or international tribunal or any interested person."  (Doc. No. 7 at 3) (internal quotation marks omitted) (quoting *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019)).  The magistrate

1

1  judge noted that the court retains jurisdiction to exercise its discretion in determining what
2  discovery should be permitted pursuant to § 1782 and should make that determination by
3  considering four factors: "(1) whether the 'person from whom discovery is sought is a participant
4  in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings
5  underway abroad, and the receptivity of the foreign government or the court or agency abroad to
6  U.S. federal court judicial assistance'; (3) whether the request 'conceals an attempt to circumvent
7  foreign proof-gathering restrictions or other policies of a foreign country or the United States';
8  and (4) whether the request is 'unduly intrusive or burdensome.'" (Doc. No. 7 at 3) (quoting *Intel*
9  *Corp v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)).

10  In the pending findings and recommendations the magistrate judge found that petitioner
11  had satisfied the three statutory factors by establishing that respondent lived in the Eastern
12  District of California, petitioner intends to initiate legal proceedings against a corporate entity for
13  which respondent previously worked, and that petitioner was an interested person as a litigant.[1]
14  (Doc. No. 7 at 3–4.) The magistrate judge also found that the discretionary factors favor granting
15  the application because respondent has knowledge of payment processing records which will be
16  the subject of the action brought in a foreign tribunal, there is no apparent reason that the foreign
17  tribunal would object to petitioner's manner of obtaining discovery, there is no indication that the
18  discovery requested would circumvent a foreign tribunal's discovery limitations, and the request
19  is not unduly intrusive or burdensome in light of the fact that respondent may still file a motion to
20  /////
21  /////
22

---

23  [1] The undersigned notes that § 1782 "does not limit the provision of judicial assistance to
    pending adjudicative proceedings, or even imminent proceedings." *In re Ambercroft Trading*
24  *Ltd.*, No. 18-mc-80074-KAW, 2018 WL 4773187, at *4 (N.D. Cal. Oct. 3, 2018) (internal
    quotation marks omitted) (quoting *Intel Corp.*, 542 U.S. at 258–59). Rather, all that is required is
25  a "showing that the proceeding is not speculative." *Id.* (citing *In re Application of Ontario*
    *Principals' Council*, No. 14-mc-00050-PHX-SPL, 2014 WL 3845082, at *2 (D. Ariz. Aug. 1,
26  2014)); *see also In re Hoteles City Express, Sociedad Anonima Bursatil De*, No. 18-mc-80112-
27  JSC, 2018 WL 3753865, at *2 (N.D. Cal. Aug. 8, 2018) (finding that the petitioner had satisfied
    the second statutory requirement of § 1782 by having a reasonable contemplation of litigation in a
28  foreign tribunal).

2

1  quash the subpoena.² (*Id.* at 4–5.) The findings and recommendations were served upon
2  petitioner and contained notice that any objections thereto were to be filed within fourteen (14)
3  days after service. (*Id.* at 5.) To date, petitioner has not filed objections and the time in which to
4  do so has passed.
5      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
6  *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the
7  pending findings and recommendations are supported by the record and proper analysis.
8      Accordingly,
9      1.    The findings and recommendations issued on April 3, 2025 (Doc. No. 7) are
10         adopted in full;
11     2.    Petitioner's application to conduct discovery pursuant to 28 U.S.C. § 1782 (Doc.
12         No. 1) is granted without prejudice to any argument or objection that may be
13         asserted in a motion to quash or modify the subpoena brought by or on behalf of
14         respondent Shimogori; and,

---

² The undersigned also notes that, as to the first discretionary factor, courts typically consider whether "the person from whom discovery is sought is a participant in the foreign proceeding[.]" *Intel Corp.*, 542 U.S. at 264. However, whether that person is or will be a party in the foreign tribunal is not dispositive: Instead, courts consider whether the foreign tribunal has the authority to order an entity before it to produce the evidence sought through discovery. *Bull Gaming N.V.*, No. 24-mc-80207-LJC, 2025 WL 770352, at *7 (N.D. Cal. Mar. 11, 2025) (citing *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016)). It appears from petitioner's filings that respondent will likely not be a party in the foreign tribunal and that respondent no longer works for the company ("PDN") which will be a party in the foreign tribunal. (Doc. Nos. 1 at 17; 6 at 4.) However, the information sought by petitioner appears to relate to PDN's processing records and payment processing business. (Doc. No. 6 at 4.) It is not evident that the foreign tribunal would be unable to order PDN to provide the same information which petitioner seeks to discover through its proposed subpoena issued to respondent. *Cf. Bull Gaming N.V.*, 2025 WL 770352, at *7 (finding that the first factor weighed in favor of granting the petitioner's application because the respondent would have more detailed information than could be gathered from parties before the foreign tribunal). Nevertheless, based on respondent not being a party before the foreign tribunal, the undersigned concludes that the first factor weighs only slightly in favor of granting petitioner's application. *See In re Kim*, No. 5:24-mc-80152-EJD, 2024 WL 3297071, at *2 (N.D. Cal. July 2, 2024) (finding that the first factor weighed in favor of granting the petitioner's application where the respondent would not be party to the action before the foreign tribunal and that therefore the foreign tribunal would be unable to compel the respondent to provide discovery).

1    3.   This matter is referred back to the assigned magistrate judge for further
2         proceedings.
3    IT IS SO ORDERED.
4  Dated:  **May 6, 2025**                      /s/ Dale A. Drozd
5                                               DALE A. DROZD
                                                UNITED STATES DISTRICT JUDGE

4